IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAYMOND GUTIERREZ and SABRINA
GUTIERREZ, individually and as legal guardians
of JOSIAH GUTIERREZ and ADEN GUTIERREZ,
and RAYMOND GUTIERREZ II,

      **Plaintiffs,**

v.                                                                                                  **2:24-cv-00428-JHR-GJF**

DOÑA ANA COUNTY BOARD OF
COMMISSIONERS, and
CHRISTOPHER MORENO, DAVID DOMINGUEZ,
JESUS SEGOVIANO, CESAR RIOS, and
JOE MEDINA, in their individual and official capacities,

      **Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS [DOC. 13] AND GRANTING LEAVE TO AMEND COMPLAINT.

THIS MATTER is before the Court on Defendants' Partial Motion to Dismiss Plaintiffs' First Amended Complaint, seeking dismissal of Counts III, IV, V, VI, VII, IX, XIII, and XIV brought by all Plaintiffs and Count VIII brought by Plaintiffs Sabrina Gutierrez and the minor children. [Doc. 13]. Plaintiffs filed a response in opposition [Doc. 20] and Defendants replied [Doc. 24]. The parties consented to Magistrate Judge Jerry Ritter presiding on June 6, 2024 [Doc. 12]. Having considered the briefing and relevant law, the Court GRANTS Defendants' motion but will allow Plaintiffs leave to amend and file a second amended complaint.

## I.       PROCEDURAL HISTORY AND BACKGROUND

This matter was removed from the Third Judicial District Court on May 3, 2024. [Doc. 1]. Plaintiffs filed a First Amended Complaint on June 2, 2024. [Doc. 11]. Defendants filed their partial motion to dismiss on June 13, 2024. [Doc. 13]. The matter was then stayed pending the outcome of the instant motion. [Doc. 18]. Briefing on the motion was completed on July 10, 2024 [Doc. 25].

This case arises from a police encounter at Plaintiffs' residence around 2 a.m. on July 31, 2024. [Doc. 11, at 3, 4]. That night, officers Moreno, Dominguez, Segoviano, Rios, and Medina responded to a report of someone discharging a firearm in Mesilla. *Id.* at 3. They were dispatched without a warrant to 9127 Clovis Road to try to find the subject. *Id.* Segoviano and Rios saw a black truck parked at 9111 Clovis Road and, thinking it belonged to the subject, directed the officers there. *Id.* Medina, one of the officers' supervisors, ordered a perimeter be set up around the address. *Id.*

The address was in fact Plaintiffs' residence. *Id.* Medina directed the officers to make a loudspeaker announcement ordering the suspect to leave the house. *Id.* Plaintiffs woke up, and Raymond[1] armed himself with his gun thinking there was an intruder in his home trying to evade the officers outside. *Id.* The officers saw the firearm and yelled "suspect is armed," prompting Raymond and his wife Sabrina to awaken their children and collect them in the master bedroom. *Id.* at 5. Raymond heard the officers' command to exit the residence with empty hands in the air and complied, leaving his weapon inside. *Id.* As he exited, Raymond saw the officers "surrounding his residence while pointing their assault rifles at him." *Id.* at 5. He obeyed their command to kneel, and the officers handcuffed and questioned Raymond in a patrol car. *Id.* When asked who Efren Rey was, Raymond told the officers he thought that individual was the neighbor behind his house. *Id.*

The officers then "started to tear down the barriers" to try to apprehend Efren Rey. *Id.* at 6. Raymond asked the officers to uncuff him so he could return to his family. *Id.* After the officers did so, Raymond went back inside and found his wife and children distraught and frightened. *Id.* at 6. Plaintiffs allege the officers acted recklessly, violating their state and federal constitutional

---

[1] The Court identifies Plaintiffs by their first name for clarity given their shared last name.

rights to be free from intrusion and causing trauma to their family. *Id.* They particularly assert Defendants Moreno, Dominguez, and Medina as supervisors were deliberately indifferent to and recklessly violated their rights. *Id.* at 6–7. Plaintiffs further allege Defendant Dona Ana Board of Commissioners was deliberately indifferent to their rights, failed to enforce search and seizure policies, and failed to enforce warrantless entry policies. *Id.* at 7. They bring a litany of claims under the New Mexico Tort Claims Act, New Mexico Civil Rights Act, and 42 U.S.C. §1983. *See* [Doc. 11].

## II.    LEGAL STANDARD

A party may move for dismissal if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement but demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiffs' favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

Rule 8(a)(2) requires a complaint to provide "fair notice of the grounds for the claims made against each of the defendants." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). "Fair notice under Rule 8(a)(2) depends on the type of case." *Id.* at 1248 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–32 (3d Cir. 2008)). For example, "[a] simple negligence action

3

based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." *Id.* A more complex case with both governmental and individual defendants might require that the complaint "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* at 1250.

## III.     ANALYSIS

### A. Plaintiffs' Claims Under the New Mexico Tort Claims Act.

The New Mexico Tort Claims Act ("NMTCA") waives the State's sovereign immunity for certain torts committed by the State, its subdivisions, or its employees. N.M. Stat. Ann. §§ 41-4-4 to -12 (1978). Specific provisions of the NMTCA narrow the scope of the waiver. For example, when a law enforcement officer is sued for actions "within the scope of his duties" the NMTCA waives immunity only for "personal injury, bodily injury, ... false imprisonment, false arrest, malicious prosecution ... or any other deprivation of rights, privileges or immunities" secured by the federal or state constitutions. N.M. Stat. Ann. § 41-4-12.

The NMTCA does not waive immunity for unenumerated torts such as negligence, intentional or negligent infliction of emotional distress, or prima facie tort. *Griffin v. City of Artesia*, No. 23-cv-00215 , 2023 WL 5337133, at *4 (D.N.M. Aug. 18, 2023) (citing *Dickson v. City of Clovis*, 2010-NMCA-058, ¶ 19, 242 P.3d 398, 403 (negligence); *Derringer v. New Mexico*, 2003-NMCA-073, ¶ 16, 68 P.3d 961, 965 (prima facie tort); *Williams v. Bd. of Regents of Univ. of N.M.*, 20 F. Supp. 3d 1177, 1194 (D.N.M. 2014) (negligent infliction of emotional distress); *McDowell v. Rio Rancho Police Dep't*, No. 20-cv-00153, 2021 WL 1534179, at *4–5 (D.N.M. Apr. 19, 2021) (intentional infliction of emotional distress)).

1. <u>Count III: trespass.</u>

Plaintiffs plead trespass based on Defendants having no permission or legal basis to be on the property. [Doc. 11, at 9]. Defendants move to dismiss this claim because the NMTCA waives law enforcement immunity for trespass only when property damage results, which Plaintiffs do not allege here. [Doc. 13, at 6].: *See* N.M. Stat. Ann. § 41-4-12. Plaintiffs respond Defendants setting up a perimeter on their property's curtilage is sufficient waive immunity. [Doc. 20, at 6]. Defendants reply the complaint lacks any mention of the term "curtilage." [Doc. 24, at 6]. Defendants also distinguish the case Plaintiffs cite to support their curtilage theory, *Lundstrom v. Romero*, 616 F.3d 1108 (10th Cir. 2010), because in that case law enforcement actually entered the home. *Id.*

The Court agrees with Defendants. Trespass is an unenumerated tort for which the NMTCA does not waive immunity. *See* § 41-4-12. Plaintiffs have failed to show otherwise. The *Lundstrom* case is unpersuasive here. The Tenth Circuit found immunity waived for trespass only once it found the officers' conduct violated the Fourth Amendment by traversing the home's curtilage and entering the residence itself, without discussing to what extent protections for curtilage versus the home triggered Fourth Amendment liability. *See Lundstrom*, 616 F.3d at1129. To date, there has been no conclusive finding of a Fourth Amendment violation in this case upon which to base liability for trespass as in *Lundstrom.* Moreover, "a police officer, like any member of the public, has an implied license to enter a home's curtilage to knock on the front door, seeking to speak with the home's occupants." *Garcia v. Patterson*, No. CV 24-00418 KG/DLM, 2024 WL 5245159, at *2 (D.N.M. Dec. 30, 2024) (internal citation omitted).

The Court is also concerned about Plaintiffs' failure to plead the term of art "curtilage" in the complaint such that Defendants were on notice to plead an appropriate defense and the Court

would not have to speculate. *See Iqbal*, 556 U.S. at 679. For these reasons, the Court finds Plaintiffs cannot "override the specific waiver outlined in § 41-4-12." *Price v. Whitten*, No. 20-cv-01099, 2021 WL 3663851, at *10 (D.N.M. Aug. 18, 2021). Count III alleging trespass is thus dismissed with prejudice.

   2.  <u>Count IV: invasion of privacy</u>

Plaintiffs plead invasion of privacy based on a right to be free from an intrusion by law enforcement without permission or legal basis to be on the property. [Doc. 11, at 9].  Defendants move to dismiss this claim because § 41-4-12 does not waive law enforcement immunity for the tort of invasion of privacy. [Doc. 13, at 6]. Plaintiffs respond that Article II, Section 10 of the New Mexico Constitution provides greater protection than the Fourth Amendment, so Defendants are subject to liability for the right to privacy. [Doc. 20, at 7]. Defendants reply with an explanation of the four recognized invasion of privacy categories in New Mexico: false light, intrusion, publication of private facts, and appropriation. [Doc. 24, at 7–8]. Defendants say Plaintiffs have plead none of these categories and therefore the claim must be dismissed with prejudice. *Id.*

The Court agrees with Defendants. Invasion of privacy is an unenumerated tort, meaning the NMTCA does not subject officers to liability for this claim. *See* § 41-4-12. Plaintiffs have failed to plead any of the specific invasion of privacy categories. They do not explain how the right to be free from intrusion in one's home fits within the contours of false light, intrusion, publication of private facts, or appropriation. Plaintiffs' state law cases generally explaining the state constitution's greater protection for the privacy of the home do not overcome the lack of waiver under § 41-4-12. [Doc. 20, at 7]. Count IV alleging invasion of privacy is thus dismissed with prejudice.

   3.  <u>Count V: negligence.</u>

Plaintiffs plead the 2020 amendments adding the residual phrase "failure to comply with duties established pursuant to statute" to § 41-4-12 broadened the immunity waiver for negligence in the performance of statutory duties. [Doc. 11, at 9, 10]; [Doc 20, at 8]. Defendants move to dismiss this claim because § 41-4-12 does not waive law enforcement immunity for general negligence. [Doc. 13, at 6]. Plaintiffs respond with the theory under the residual amendment that the defendant officers' failure to properly carry out their duty to investigate the scene defeats dismissal. [Doc 20, at 9]. Defendants' reply lays out the specific statutory law enforcement duties—investigate crimes, file a complaint or information, and cooperate with prosecutors—and contends the complaint does not allege a breach of any of these duties. [Doc. 24, at 8, 9].

The Court agrees with Plaintiffs. Negligence is an unenumerated tort, meaning the NMTCA does not subject officers to liability for that claim *See* § 41-4-12; *Strickland v. City of Las Cruces*, No. 23-cv-00116, 2025 WL 417758, at *2 (D.N.M. Feb. 6, 2025) ("The NMTCA does not explicitly waive immunity for mere negligence committed by law enforcement officers in performance of their job duties"). Moreover, the complaint does not specify what duty defendants breached nor cite any statute or law which established a duty. *See Strickland*, 2025 WL 417758, at *2. But the fatal flaw is the lack of a waiver of immunity for negligence. *Williams*, 20 F. Supp. 3d at 1193 (§ 41-4-12 "simply does not—either on its face or through its construction by the New Mexico courts—set forth a waiver of immunity for negligence"). Count V alleging negligence is thus dismissed with prejudice.

4. Counts VI and VII: intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED").

Plaintiffs allege the officers "intentionally or recklessly" demonstrated "extreme and outrageous conduct" towards Plaintiffs and breached a duty of care to Plaintiffs by placing a perimeter and using a loudspeaker at 2 a.m. [Doc. 11, at 10–11]. Defendants move to dismiss both

claims because § 41-4-12 does not waive law enforcement immunity for intentional or negligent infliction of emotional distress. [Doc. 13, at 7]. Plaintiffs rebut that the torts are "sourced from the actions officer Defendants took in violation of the NMTCA" based on their entry into the curtilage of Plaintiffs' home in violation of Article II, Section 10 of the state constitution. [Doc. 20, at 10]. Defendants' reply highlights Plaintiffs' failure to address contrary authority. [Doc. 24, at 9, 10].

The Court agrees with Defendants. IIED and NIED are unenumerated torts, meaning the NMTCA does not subject officers to liability for these claims. *See* § 41-4-12; *see also Williams*, 20 F. Supp. 3d at 1194 (negligent infliction of emotional distress); *McDowell*, 2021 WL 1534179, at *4–5 (intentional infliction of emotional distress). Plaintiffs' skirting around the critical waiver issue by arguing a state constitutional curtilage violation fails to address § 41-4-12's clear dictate that officer immunity is not waived for these claims. Count VI alleging IIED and count VII alleging NIED are thus dismissed with prejudice.

5. Count VIII: negligent supervision and/or training.

The complaint alleges the Board of Commissioners failed to investigate complaints and claims against its officers, turning a "blind eye" towards the need for more officer training and supervision. [Doc. 11, at 12]. It also alleges the three supervisor officers (Medina, Moreno, Dominguez) negligently supervised their deputies. *Id.* Defendants move to dismiss this claim as to Plaintiffs Sabrina and the Gutierrez children because § 41-4-12 does not waive officer immunity for failure to investigate a complaint or claim. [Doc. 13, at 8]. Further, as discussed above, there is no waiver for simple negligence. *Id.*

Plaintiffs respond with state law citations supporting the principle that an enumerated tort arising from negligent supervision is actional as a derivative civil claim. [Doc. 20, at 9]. Plaintiffs do not explain how this rule applies to the facts at bar. Defendants' do not dispute the principle but

state it is inapplicable to save Plaintiffs' instant NMTCA claims from dismissal absent a waiver of immunity therefore. [Doc. 24, at 9].

The Court agrees with Defendants. Negligent supervision and/or training is an unenumerated tort, meaning the NMTCA does not subject officers to liability for this claim. *See* § 41-4-12; *Williams*, 20 F. Supp. 3d at 1195 ("The Plaintiffs cannot sustain their claim of negligent supervision against Bernalillo County, because § 41–4–12 of the NMTCA contains no waiver of immunity for such a claim"); (*Cruz v. City of Deming*, No. 222CV00957MISGJF, 2023 WL 7222828, at *9 (D.N.M. Nov. 2, 2023) ("Because there is no applicable NMTCA waiver for a claim of negligent training and supervision brought directly against a state entity defendant, Defendant NMDPS is immune"). Count VIII alleging negligent supervision and/or training against Plaintiffs Sabrina and the Children is thus dismissed with prejudice.

## B. Plaintiffs' Claims Under The New Mexico Civil Rights Act.

The NMCRA is New Mexico's § 1983 state analogue. *See* N.M. Stat. Ann. §§ 41-4A-1 *et seq.* (2021) (prohibiting state and local government officials from subjecting others to a "deprivation of any rights, privileges or immunities secured pursuant to the bill of rights of the constitution of New Mexico"). The NMCRA waives sovereign immunity to allow lawsuits alleging civil rights violations perpetrated by government employees. *Id.* A plaintiff may not sue individuals under the NMCRA. *See* N.M. Stat. § 41-4A-3(C). Instead, a plaintiff must sue the relevant "public body." *Id.* (making public bodies liable for the misconduct of their employees when they "act[ ] on behalf of, under color of or within the course and scope of" their employer's authority). A "public body" is "a state or local government, an advisory board, a commission, an agency or an entity created by the constitution of New Mexico or any branch of government that receives public funding." N.M. Stat. § 1-4A-2.

1. <u>Count IX: unlawful entry in violation of Article II, Section 10 (New Mexico Bill of Rights).</u>

Count IX alleging unlawful entry in violation of the state bill of rights is dismissed for failure to state a claim. The complaint alleges the defendant officers violated Plaintiffs' rights to be free from law enforcement intrusion and to privacy and security in their home. [Doc. 11, at 13]. It also alleges Defendant Dona Ana County Board of Commissioners is the proper party for the suit. *Id.* Punitive damages are requested. *Id.*

Defendants move to dismiss this claim because the complaint never alleges that the defendant officers entered the house and therefore no search occurred. [Doc. 13, at 9, 10]. Plaintiffs proffer New Mexico's more expansive protections for homes and the lack of meaningful distinction between a home itself and its curtilage as bases for this claim to survive. [Doc. 20, at 12, 13]. They emphasize the lack of a warrant and late hour. *Id.* Defendants renew their objection that Plaintiffs fail to plead any particular facts pertaining to curtilage but relied only on the defendant officers setting up a perimeter around the home. [Doc. 24, at 11].

The Court agrees with Defendants that Plaintiffs have failed to plead sufficient facts to develop a cognizable claim for unlawful entry. A pleading cannot circumvent *Twombly* and *Iqbal* by incorporating the rest of the complaint without specificity: "[F]orc[ing] the Defendants to carefully comb through [the pleadings] to ascertain which ... pertinent allegations to which a response is warranted" fails to effectuate the fundamental purpose of notice pleading. *Griffin*, 2023 WL 5337133, at *9 (citing *Ortiz v. New Mexico*, 550 F. Supp. 3d 1020, 1078 (10th Cir. 2021)). Count IX includes no particularized factual basis but simply states "Paragraphs 1-1-4 are realleged an incorporated herein." [Doc. 11 at 12]. Defendants are correct the complaint contains no allegations that the defendant officers entered the home, and are correct that Plaintiffs never pled "curtilage" in the general fact section to which Count IX refers, much less pled the Supreme

Court's four-factor test for determining curtilage. *See United States v. Dunn*, 480 U.S. 294, 301 (1987). Such deficient pleading practice fails to state a claim. *See Iqbal*, 556 U.S. at 679. Count IX alleging unlawful entry is thus dismissed.

   2.   Count XI: Negligent supervision/training in violation of the New Mexico Bill of Rights.

   Count XI alleging negligent training/supervision in violation of the state bill of rights is dismissed for failure to state a claim. The factual basis of this NMCRA claim mirrors that of Count VIII alleging the same claim under the NMTCA. *See* [Doc. 11, at 11, 14]. Defendants move to dismiss this claim because inadequate police training can only sustain a constitutional violation when it amounts to deliberate indifference. [Doc. 13, at 11]. Defendants also explain a municipality can only be liable for constitutional violations when its policies are the "moving force"; in other words, "only where a municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' actionable under § 1983." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378 (1989*)*. Conversely, an officer's negligence does not invoke constitutional liability. *Id.*

   Plaintiffs respond that, because this claim lies in state constitutional rights, qualified immunity is inapplicable and therefore the federal deliberate indifference standard does not apply. [Doc. 20, at 13]. Plaintiffs contend a municipality is liable for its employees' constitutional violations rights under the NMCRA. *Id.* at 13, 14. Here, this means the Board of Commissioners failed to supervise or train their officers or otherwise implement policies or procedures guiding officers setting up warrantless, early morning perimeters. *Id.* at 14. In reply, Defendants distinguish Plaintiffs' supporting authority, *Vanhorn v. Carlsbad Mun. Sch. Dist.*, 2024-NMCA-035, as addressing NMTCA claims instead of NMCRA claims. [Doc. 24, at 12]. Defendants also note that Plaintiffs' qualified immunity arguments are inapposite because qualified immunity is

not a defense to municipal liability claims. *Id.* They finally reiterate the lack of allegations concerning curtilage in the complaint. *Id.*

The Court agrees with Defendants. The Court notes the recent advent of the NMCRA means a coherent body of case law interpreting it has not yet developed. That said, Plaintiffs supply no authority showing that the deliberate indifference standard, otherwise applicable to negligent supervision and/or training claims under the NMCRA's federal § 1983 analogue, does not apply. *See Holmstrom v. Bd. of Cnty. Comm'rs for Cnty. of Chaves*, 181 F. Supp. 3d 862, 879–80 (D.N.M. 2016) ("Plaintiffs may not maintain claims for *negligent* hiring, training, supervision, and retention under § 1983; Defendant's conduct must have been deliberate"); *Bell v. City of Topeka*, 496 F. Supp. 2d 1182, 1192 (D. Kan. 2007), *aff'd sub nom. Bell v. City of Topeka*, 279 F. App'x 689 (10th Cir. 2008) ("[T]he inadequacy of police training may serve as a basis of § 1983 liability . . . where the failure to train amounts to a deliberate indifference."). The Court moreover finds the complaint vague and conclusory as to these allegations. General reference to poor supervision or training and repeating general paragraphs of alleged facts in support is insufficient to state a claim. Count XI alleging negligent supervision and/or training is thus dismissed.

3. Punitive damages.

The punitive damages claim for relief is dismissed. Defendants argue that punitive damages are unavailable under the NMCRA. [Doc. 13, at 12]. The statute only allows actual damages and equitable or injunctive relief. *Id.* (citing NMSA 41-4A-3(B)). Plaintiffs conceded NMCRA does not provide for punitive damages. [Doc. 20, at 14]. Therefore, the punitive damages requests are dismissed with prejudice for the NMCRA claims.

**C. Federal Constitutional Claims.**

Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights. 42 U.S.C. § 1983. Section 1983 creates only the right of action to privately enforce existing rights under the U.S. Constitution or federal statute; it does not create any substantive rights. *Nelson v. Geringer*, 295 F.3d 1082, 1097 (10th Cir. 2002).

To state a claim upon which relief can be granted under Section 1983, a plaintiff's allegations must establish: "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia." *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002) (alteration in original) (internal quotation marks and citation omitted).

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). When a defendant officer asserts the defense of qualified immunity in a motion to dismiss a § 1983 claim, the court must presume the defendant is immune. *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022).

The burden then shifts to the plaintiff to show, based on the alleged facts, that (1) the defendant violated his constitutional or statutory right and (2) did so in a manner contrary to clearly established law. *Id.* Courts may address the two requirements of qualified immunity in any order and need not address both if the plaintiff fails to prove one. *Hemry v. Ross*, 62 F.4th 1248, 1253 (10th Cir. 2023). "Clearly established law" refers to controlling, on-point precedent with similar enough facts to put any reasonable officer on notice that the defendant officer's alleged conduct

13

violated the law. *Truman v. Orem City*, 1 F.4th 1227, 1235 (10th Cir. 2021). In sum, the defendant officer's violation of the plaintiff's rights must be "beyond debate" by rational minds. *White v. Pauly*, 580 U.S. 73, 79 (2017) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)).

1. Count XIII: fourth amendment unlawful entry.

Count XIII is dismissed because Plaintiffs cannot state a claim for unlawful entry in violation of the Fourth Amendment. Defendants move to dismiss because Plaintiffs "cannot satisfy the injury-in-fact requirement." [Doc. 13, at 14]. The Court notes that Defendants initially move for dismissal only on Plaintiffs Sabrina and the Gutierrez children's claims, but include all Plaintiffs' claims in the conclusion, introduction, and prayer for relief. Thus, the Court construes the claim as to all Plaintiffs. Defendants contend Plaintiffs' rights were not violated simply by watching the search and/or seizure of Plaintiff Raymond because "[t]here is no constitutionally-protected interest implicated by witnessing an alleged violation of another's constitutional rights" *Id.* (citations omitted).

In response, Plaintiffs restate that Defendants unlawfully entered their home by setting up a perimeter on its curtilage and using a loudspeaker late at night. [Doc. 20, at 16, 17]. Plaintiffs cite the Supreme Court's decision in *Florida v. Jardines*, 569 U.S. 1 (2013), in support. *Id.* Defendants' reply distinguishes *Jardines* because it specifically describes the front porch of the house being part of its curtilage, which is not part of the allegations here. [Doc. 24, at 13]. Further, despite Plaintiffs' invocation of curtilage factors, Defendants say the claim still fails because the complaint "contains no facts which describe where each named Defendant was standing, proximity of the location of each Defendant to the house," or the nature and extent of enclosures around the house. *Id.* at 14.

14

The Court agrees with Defendants. Plaintiffs' claim for unlawful entry under the Fourth Amendment is dismissed for failure to state a claim. By generally citing "paragraphs 1 through 132," Plaintiffs again fail to abide by pleading standards necessary for opposing counsel and the Court to understand the allegations and claims on their face instead of by speculative inference. Plaintiffs cannot cure their pleading defects through motions practice. Plaintiffs cannot rely on the concept of curtilage to overcome dismissal when "curtilage" is not mentioned nor described in the complaint. Count XIII for federal unlawful entry is thus dismissed.

2. Count XIV: negligent supervision and/or training and qualified immunity for individual defendants.

Plaintiffs' claim for federal negligent training/supervision is dismissed because no deliberate indifference has been shown. This claim reads the same as Plaintiffs' other claims for negligent supervision and/or training under the NMTCA and NMCRA but references the deliberate indifference standard. [Doc. 11, at 16]. Defendants move to dismiss this claim against the Board of Commissioners because Plaintiffs' allegations of failure to train do not rise to the level of deliberate indifference; at best, they allege negligence which is "not a deliberate or conscious choice." [Doc. 13, at 14, 15].

Defendants also move to dismiss the federal constitutional claims in Counts XIII and XIV against Moreno, Dominguez, and Medina based on qualified immunity. *Id.* at 15. Defendants assert qualified immunity is warranted for Count XIII because Plaintiffs have not shown how the *individual* defendant officers violated Plaintiffs' clearly established right to be free from unlawful entry. *Id.* at 16. In turn, Defendants explain there can be no municipal liability under Count XIV discussed below if there is no underlying constitutional violation by the individual officers. *Id.*

In response, Plaintiffs assert only an "affirmative link" between the constitutional violation and the supervisor is needed to show supervisory or municipal liability. [Doc. 20, at 17]. Plaintiffs

argue supervising officers Moreno, Dominguez, and Medina took part in "recklessly stamped[ing] over Plaintiffs' rights" which shows "how Dona Ana County sees proper policy and procedures" for law enforcement. *Id.* at 18. In reply, Defendants note that Plaintiffs failed to address the qualified immunity defense for the officer Defendants. [Doc. 24, at 15]. Because it is Plaintiffs' burden to show Defendants violated clearly established law after qualified immunity has been raised, Defendants urge the lack of such analysis concedes the argument in Defendants' favor. *Id.*

The Court agrees with Defendants. There are several problems with Plaintiffs' argument. First, they conflate the standards for supervisory liability, negligent training and/or supervision, and municipal liability. As stated above, a showing of deliberate indifference by the officers is necessary to state this claim. *See Holmstrom*, 181 F. Supp. 3d at 879–80 ("Plaintiffs may not maintain claims for *negligent* hiring, training, supervision, and retention under § 1983; Defendant's conduct must have been deliberate."). Plaintiffs have failed to plead any deliberate indifference.

Plaintiffs also fail to rebut the qualified immunity defense protecting the defendant officers from liability. Plaintiffs' response does not address the merits of qualified immunity but instead pivots to the general concept of supervisory liability. Nor do Plaintiffs address the likely mooting effect of the defendant officers' qualified immunity on the municipal liability claim. Count XIV alleging negligent training and/or supervision under the federal constitution is thus dismissed.

3. Punitive damages.

Similar to the NMCRA punitive damages argument, Plaintiffs do not dispute Defendants' contention that a municipality is immune from punitive damages. [Doc. 13, at 16]. Thus, Plaintiffs concede the point and the punitive damages claim against Defendant Board of Commissioners is thus dismissed.

**D. Leave to Amend.**

Amendments to pleadings are generally governed by Fed. R. Civ. P. 15. "[T]he court should freely give leave [to amend a complaint] where justice so requires." Fed. R. Civ. P. 15(a). A court may deny leave to amend on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Amendment is futile if the pleading "as amended, would be subject to dismissal." *Fields v. City of Tulsa*, 753 F.3d 1000, 1012 (10th Cir. 2014). "The purpose of [Rule 15(a)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted). The Tenth Circuit has directed district courts to grant leave to amend "when doing so would yield a meritorious claim." *Curley v. Perry*, 246 F.3d, 1278, 1284 (10th Cir. 2001). The decision whether to grant leave to amend is left to the discretion of the district court. *Foman*, 371 U.S. at 182.

Although not requested by Plaintiffs, the Court finds it appropriate to allow one more opportunity to amend the complaint, except for the NMTCA claims for which Plaintiffs have failed to show a waiver of liability (Counts III, IV, V, VI, VII, and VIII). The Court finds further amendment would be futile for the NMTCA claims because Plaintiff cannot surmount the waiver of immunity issue.  However, because the question of whether Defendants crossed into the curtilage of Plaintiffs' home is key to several NMCRA and § 1983 claims, the Court cannot find that amendment would be futile on those claims at this juncture. In the spirit of allowing Plaintiffs

the maximum opportunity to present cognizable claims, the Court directs Plaintiffs to file a second amended complaint within 30 days of entry of this order.

## IV.    CONCLUSION

**IT IS THEREFORE ORDERED:**

- Defendants' Partial Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. 13] is **GRANTED;**

- NMTCA Counts III, IV, V, VI, VII, and VIII are **DISMISSED WITH PREJUDICE**;

- Counts IX, XI, XIII and XIV are **DISMISSED WITHOUT PREJUDICE**; and

- Claims for punitive damages under the NMCRA and 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**.

Plaintiffs may file a second amended complaint in accordance with this order and federal pleading standards **within 30 days of this order**.

**IT IS SO ORDERED.**

Hon. Jerry H. Ritter
United States Magistrate Judge
Presiding by Consent